# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANETTE FUENTEZ, </br></br>　　　　Plaintiff, </br></br>　v. </br></br>MICHAEL J. ASTRUE, </br>Commissioner of Social Security, </br></br>　　　　Defendant. | Case No.: 1:10-cv-01032-AWI-SKO </br></br>**FINDINGS AND RECOMMENDATIONS THAT THE MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b) BE GRANTED** </br></br>(Doc. 18) </br></br>**OBJECTIONS DUE: 14 DAYS** |

## I.  INTRODUCTION

On October 2, 2012, counsel for Plaintiff, Sengthiene Bosavanh, Esq., filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). (Doc. 18.) The Commissioner filed a response the same day, noting no opposition to the request, but discussing the applicable standards for awards of attorney's fees pursuant to Section 406(b). *See generally Grisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002). After notice of her counsel's motion, Plaintiff filed no statement in opposition to her attorney's request for Section 406(b) fees. For the reasons set forth below, the Court RECOMMENDS that Ms. Bosavanh's amended motion for an award of attorney's fees be GRANTED.

## II.  BACKGROUND

Plaintiff brought the underlying action seeking judicial review of a final administrative decision denying her claim for disability benefits under the Social Security Act. (Doc. 1.) On

December 16, 2010, the parties filed a stipulation for a voluntary remand pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 13.) The stipulation was approved, judgment was entered for the Plaintiff, and the case was closed. (Docs. 14, 15.) The parties filed a stipulation for an award of Equal Access to Justice Act ("EAJA") attorney's fees in the amount of $4,500, which was approved by the Court. (Docs. 16, 17.)

On remand, the agency issued a decision on July 12, 2012, finding Plaintiff disabled since October 5, 2007. (Doc. 18-2, p. 17.) On August 8, 2012, the Commissioner issued a notice that retroactive disability benefits were awarded to Plaintiff totaling $48,783.20. (Doc. 18-3, p. 1.) Ms. Bosavanh now seeks an award of attorney's fees in the amount of $12,195.80 pursuant to section 406(b) with a credit to Plaintiff for attorney's fees previously paid in the amount of $4,500. It is Ms. Bosavanh's Section 406(b) motion for attorney's fees that is currently pending before the Court.

### III.   DISCUSSION

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants.[1] Section 406(b) provides the following in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

42 U.S.C. § 406(b)(1)(A) (emphasis added). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Grisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). The Commissioner has standing to challenge the award even though the Section 406(b) attorney's fee award is not paid by the government. *Craig v. Sec'y Dep't of Health & Human Servs.*, 864 F.2d 324, 328 (4th Cir. 1989), *abrogated on other grounds in Grisbrecht*, 535 U.S. at 807. The goal of fee

---

[1] Ms. Bosavanh is not entitled to an award of attorney's fees for any time spent on this case at the administrative level. *Compare* 42 U.S.C. § 406(b) *with* 42 U.S.C. § 406(a).

2

award under Section 406(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted. *Cotter v. Bowen*, 879 F.2d 359, 365 (8th Cir. 1989), *abrogated on other grounds in Grisbrecht*, 535 U.S. at 807.

The twenty-five percent (25%) maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808-09 (Section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, Section 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807; *see also Crawford,* 586 F.3d at 1148 (holding that Section 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Gisbrecht*, 535 U.S. at 807-08.

Here, the fee agreement between Plaintiff and her counsel provides for a fee consisting of "25 (twenty-five) percent of the past-due benefits resulting from [Plaintiff's] claim or claims (which I understand may exceed $750.00 per hour)." (Doc. 18-1 p. 1.)  The Court has considered the character of counsel's representation of Plaintiff and the results achieved by counsel. Plaintiff's counsel presents billing records indicating that she expended 12.3 hours and Victoria B. Chhagan,

Esq., spent 14.9 hours on the appeal before this Court.[2] (Doc. 18-4, p. 1-5.) There is no indication that a reduction of the award is warranted due to any substandard performance by Ms. Bosavanh or Ms. Chhagan; both counsel are experienced attorneys who secured a successful result for Plaintiff. There is also no evidence that counsel engaged in any dilatory conduct resulting in excessive delay. Attorney's fees in the amount of $12,195.80 represent 25% of the past-due benefits paid to Plaintiff and are not excessive in relation to the past-due award. *See generally Taylor v. Astrue*, No. 1:06-cv-00957-SMS, 2011 WL 836740, at *2 (E.D. Cal. Mar. 4, 2011) (granting petition for an award of attorney's fees pursuant to Section 406(b) in the amount of $20,960.00)); *Jamieson v. Astrue*, No. 1:09-cv-00490-LJO-DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) (recommending an award of attorney's fees pursuant to Section 406(b) in the amount of $34,500.00 after parties stipulated to a remand)); *Logan-Laracuente v. Astrue*, No. 1:07-cv-00983-SMS, 2010 WL 4689519, at *2 (E.D. Cal. Nov. 10, 2010) (granting petition for attorney's fees pursuant to Section 406(b) in the amount of $23,558.62)).

In making this determination, the Court recognizes the contingent-fee nature of this case and counsel's assumption of risk in agreeing to represent Plaintiff under such terms. *See Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) ("Because attorneys like Mr. Sackett contend with a substantial risk of loss in Title II cases, an effective hourly rate of only $450 in successful cases does not provide a basis for this court to lower the fee to avoid a 'windfall.'" (quoting *Grisbrecht*, 535 U.S. at 807)). Further, counsel has submitted a detailed billing statement in support of the requested fee, which has been reviewed by the Court.

An award of Section 406(b) fees, however, must be offset by any prior award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Grisbrecht*, 535 U.S. at 796. Plaintiff's counsel has already been awarded $4,500 in fees pursuant to the EAJA; thus the Section 406(b) fees awarded by this order must be offset by $4,500 and that amount must be refunded to Plaintiff.

### IV.   CONCLUSION AND RECOMMENDATION

For the reasons stated above, the Court concludes that the fees sought by Mr. Bosavanh pursuant to Section 406(b) are reasonable.

---

[2] Ms. Bosavanh contracted out some of the work on the case to Ms. Chhagan. (Doc. 18-4, p. 1.)

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's counsel's motion for an award of attorney's fees pursuant to Section 406(b) in the amount of $12,195.80 be GRANTED; and

2. Plaintiff's counsel shall refund to Plaintiff $4,500 of the Section 406(b) fees awarded as an offset for EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d).

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   November 6, 2012**                               /s/ Sheila K. Oberto
                                                                         UNITED STATES MAGISTRATE JUDGE